IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVE GRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL NO. 2:14-cv-01153-WKW |
| | ) |
| MARK BURTON [sic][1], et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

Plaintiff Dave Gray ("Plaintiff"), a former[2] inmate of the Alabama Department of Corrections, brings this action pursuant to 42 U.S.C. § 1983, claiming that he should have received additional credit for time served and, consequently, should have been released earlier. Doc. 1. Plaintiff names as defendants Mark Burton, an employee of the Alabama Department of Corrections; Tanisha Perdue, an employee of the Alabama Department of Corrections in the Central Records Division; and Marvine McMillian, an Administrative Assistant with the Alabama Board of Pardons and Paroles (collectively "Defendants"). Plaintiff seeks an "order to ADOC Central Record to release me on a expired sentence and pay me for each day am incarcerate over my time." Doc. 1, at 4. Plaintiff sues Defendants in their individual capacities. Docs. 31, 32.

---

[1] Defendant's filings use the spelling "Bruton" for his last name. Doc. 25. For the purposes of this order, the Court uses the name Plaintiff indicated in his Complaint. Doc. 1.
[2] Plaintiff was housed at Kilby Correctional Facility when he filed this lawsuit. Doc. 1 at 7. By July 2016, he was residing at a free world address. Doc. 63.

In accordance with the court's orders, Defendants filed answers, special reports, and supporting evidentiary material in response to the allegations contained in the complaint. Docs.10, 25, 33. The court ordered Plaintiff to file a response, including sworn affidavits and other evidentiary materials, and specifically cautioned Plaintiff that "at some time in the future the court will treat Defendants' report and Plaintiff's response as a dispositive motion and response." Doc. 34 at 1 (footnote omitted). Plaintiff responded. Docs. 35, 38, 40, 59. The court will treat Defendants' reports as a motion for summary judgment, and the court concludes that this motion is due to be resolved in favor of Defendants.

## II. STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former Fed. R. Civ. P. 56 omitted; "issue" altered to "dispute" to reflect the stylistic change in the current rule). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)

(alterations added). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-24.

Defendants have met their evidentiary burden and demonstrated the absence of any genuine dispute of material fact. Thus, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to the case exists. *Celotex*, 477 U.S. at 324; Fed. R. Civ. P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact [by citing to materials in the record including affidavits, relevant documents or other materials], the court may … grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it … ."); *see also Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1098 (11th Cir. 2014) (court considers facts pled in a plaintiff's sworn complaint when considering his opposition to summary judgment"). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263. The evidence must be admissible at trial, and if the nonmoving party's evidence "is merely colorable … or is not significantly probative … summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); Fed. R. Civ. P. 56(e). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice … ." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir.

1990) (citing *Anderson*, 477 U.S. at 252). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine dispute of material fact. *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (per curiam) (plaintiff's "conclusory assertions … , in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment"). Only disputes involving material facts are relevant, and what is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248. To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts… . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. Although factual inferences must be viewed in a light most favorable to the nonmoving party and pro se complaints are entitled to liberal interpretation by the court, a pro se litigant does not escape the burden of sufficiently establishing a genuine dispute of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, a plaintiff's pro se status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Plaintiff fails to demonstrate a requisite genuine dispute of material fact so as to preclude summary judgment on his claims against Defendants. *See Matsushita*, 475 U.S. at 587.

### III. SUMMARY OF MATERIAL FACTS

The court views the facts in the light most favorable to Plaintiff, the nonmoving party. Under Alabama Code § 15-18-8, a court may sentence a defendant to a twenty-year sentence, split into a three-year term of imprisonment with the remainder suspended and the defendant placed on probation. Ala. Code § 15-18-8(a)(2). It is undisputed that Plaintiff was sentenced in four Alabama state cases as follows:

| Case | Sentence | Sentence Begin Date | Jail Credit | Ala. Code § 15-18-8? |
|---|---|---|---|---|
| CC-2010-1383 (Montgomery County) | Concurrent 15 years | Sept. 29, 2011 | 188 Days | No |
| CC-2012-126 (Montgomery County) | Concurrent 20 years, split to serve 3 years | March 7, 2012 | 170 Days | Yes |
| CC-2012-252 (Montgomery County) | Concurrent 20 years, split to serve 3 years | March 7, 2012 | 175 Days | Yes |
| DC-2011-2495 (Bessemer County) | Concurrent 15 years | April 10, 2012 | 41 Days | No |

Terry Aff., Doc. 25-2 at 1-2; Attach. 1-5, Doc. No. 25-2, at 3-7. Pursuant to Alabama Code § 14-9-41(g)(2), "[w]hen a prisoner is serving two or more sentences which run concurrently, the sentence which results in the longer period of incarceration yet remaining shall be considered the term to which such prisoner is sentenced for the purpose of computing his or her release date." Additionally, under Alabama Code § 14-3-38(c), an inmate serving concurrent terms is "discharged at the expiration of the longest term of imprisonment to which he was sentenced, less" deductions for good behavior. Applying

5

these state laws, the Alabama Correctional Records Assistant Director treated Plaintiff's Bessemer County Case DC-2011-2495 as the controlling sentence for Plaintiff because it had the longest calculated term of confinement, with a discharge date of July 11, 2016. Doc. No. 25-2, at 2, 8-9. According to an inmate summary dated January 21, 2015, Plaintiff had already completed the split sentences imposed on March 7, 2012. *Id.*

Defendant Tanisha Perdue, an "ASA III" employee in the Central Records Division of the Alabama Department of Corrections, avers that she has no control over an inmate's calculated release date, she does not know Plaintiff, and to her knowledge she has had no contact with Plaintiff. Perdue Aff., Doc. 25-3. In response, Plaintiff submitted to the court a document stamped by "Central Records" on March 13, 2014, in which Plaintiff complains about his release date calculation. Doc. 38, at 13. The document includes a handwritten note in the top right-hand corner stating, "Tanisha" and "concerns his sentencing." *Id.* Plaintiff also submitted to the court a letter that he sent to Defendant Burton as the Central Records Director, complaining about the release date calculation. Doc. 38, at 14. A handwritten note to Plaintiff on the letter, dated April 29, 2014, and signed by "T. Perdue ASA III, Central Records," indicates, "[t]here is nothing to correct, your sentencing information has been entered in correctly." *Id.* A handwritten note on another letter stamped June 5, 2014, by "Central Records," includes the word, "Tanisha" in the top right-hand corner and states, "concerns his controlling sentence. Still maintains that his time is wrong." Doc. 38 at 16.

6

Defendant Marvine McMillian, an employee with the Alabama Board of Pardons and Paroles, indicates that Plaintiff was denied parole on November 5, 2014. McMillian Aff., Doc. 33-1. McMillian avers that she has no authority to affect or calculate Plaintiff's release date or affect his release to parole. *Id.* According to McMillian, her only responsibility is to assist in preparing files for the Parole Board's consideration docket. *Id.* McMillian states that she does not know Plaintiff or remember taking any action in his case. *Id.*

As of July 2016, Plaintiff was residing at a free world address. Doc. No. 63. It is unclear if Plaintiff is currently serving probation or faces any potential incarceration connected to his convictions and sentences.

## IV. DISCUSSION

Plaintiff claims that his release date from the Alabama Department of Corrections was incorrectly calculated, and that he should have been released on September 19, 2014, or September 29, 2014. Doc. 1 at 3. Specifically, Plaintiff asserts that the Department of Corrections incorrectly reconciled Alabama Code § 20-2-81[3] and Alabama Code § 15-8-8. *Id.* Plaintiff argues that his twenty-year sentences are longer than his fifteen-year sentences; therefore, they are the controlling sentences for calculating his release date, and he should have been released when he completed the three-year split portion of those twenty-year sentences. Doc. No. 38, at 13, 22.

---

[3] Alabama Code § 20-2-81 was transferred to Alabama Code § 13A-12-232 by Acts 1988, 1st Ex. Sess., No. 88–918, p. 512, § 2, Effective Sept. 30, 1988. Section 13A-12-232(a) requires, among other things, that an inmate serve the mandatory minimum term of imprisonment prescribed, or 15 years, whichever is less. *Id.*

7

### A. Habeas Relief Is Not Available in a § 1983 Action

Plaintiff's request for release from prison must be brought in a petition for a writ of habeas corpus, not an action under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.*[4] Consequently, Plaintiff's request for release is due to be dismissed.

### B. *Heck v. Humphrey* Bars Plaintiff's Suit

The Court agrees with Defendants that it is premature for Plaintiff to sue for money damages under § 1983 based on his claim that he was imprisoned beyond his release date. Docs. 25, 33. "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser*, 411 U.S. at 488-90). The rule in *Heck* prevents an inmate from using § 1983 as an end run around habeas corpus and its specific procedural requirements, which are "rooted in considerations of federal-state comity," and "require

---

[4] Plaintiff is no longer incarcerated, although it appears he was released to probation. Doc. No. 33, at 4. Courts can consider habeas petitions only for a person who is "in custody" – that is, "'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). A person is "in custody pursuant to the judgment of a State court" if the state court sentence has not fully expired. *Jones v. Cunningham*, 371 U.S. 236, 242 (1963) (petitioner on parole was "in custody," even though not physically confined). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 491.

8

giving the States the first opportunity to correct the errors made in the internal administration of their prisons." *Preiser*, 411 U.S. at 491-92; *see also* 28 U.S.C. § 2254(c) (requiring a petitioner to exhaust state remedies before seeking federal habeas relief). When success on a claim would necessarily imply the invalidity of a prisoner's continued confinement, a claim for damages challenging the legality of that confinement is not cognizable in a § 1983 action "unless and until the … sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck*, 512 U.S. at 489; *see also Edwards v. Balisok*, 520 U.S. 641 (1997); *Wilkinson v. Dotson*, 544 U.S. 74 (2005). The word "sentence" "refer[s] not to prison procedures, but to substantive determinations as to the length of confinement." *Wilkinson*, 544 U.S. at 83 (alteration added) (citations omitted). "Sentence" means not just the initial prison term imposed, but also other terms such as "continuing confinement" and "imprisonment." *Id.* at 83-84. The Court ruled that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck*, 512 U.S. at 489-90 (footnote omitted).

The rule in *Heck* is not limited to a request for damages but is equally applicable to an inmate's request for declaratory judgment or injunctive relief. *See Balisok*, 520 U.S. at 648 (holding that inmate's claims for declaratory relief, injunctive relief or monetary damages which "necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983"). In *Balisok* the Court "reemphasize[d] … that a claim either is

cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Balisok*, 520 U.S. at 649.

Here, if Plaintiff wins his claim regarding his release date calculation, it "would necessarily spell speedier release" for him; therefore, his suit "lies at 'the core of habeas corpus.'" *See Wilkinson*, 544 U.S. at 82 (citation omitted). At the time he filed his § 1983 lawsuit, Plaintiff could have filed suit in state court to correct the calculation of his release date. *See Wilson v. State*, 981 So. 2d 441, 442 (Ala. Crim. App. 2007) ("'A petition for a writ of habeas corpus is the proper method by which to test whether the State has correctly calculated the time an inmate must serve in prison.") (quotation marks and citation omitted). Consequently, Plaintiff's suit is due to be dismissed without prejudice. *See Heck*, 512 U.S. at 479, 489 (affirming dismissal without prejudice).

### C. Plaintiff's Claim Fails on the Merits

The court has considered whether the favorable-termination rule in *Heck* should not apply to Plaintiff. In *Morrow v. Fed. Bureau of Prisons*, 610 F.3d 1271 (11th Cir. 2010), the Court of Appeals for the Eleventh Circuit recognized an exception to the favorable-termination rule in *Heck*. The plaintiff in *Morrow* was a former federal inmate who did not challenge his underlying sentence, but rather claimed that a prison employee entered an incorrect start date to calculate the release date. The plaintiff learned of the error two days before being released and was held ten days too long. The Court of Appeals determined that the allegedly unlawful imprisonment of ten days was so brief that the plaintiff could not have finished habeas proceedings before being released. *Id.* at 1272. It held that the

rule in *Heck* did not extend to a case where a decision in the plaintiff's favor "in no way implies the invalidity of his conviction or of the sentence imposed by his conviction," and the alleged unlawful imprisonment of ten days "is obviously of a duration that a petition for habeas relief could not have been filed and granted while Plaintiff was unlawfully in custody." *Id.* (footnote omitted). The court noted it was not deciding whether the exception applied in cases where there was time to seek habeas relief. *Id.* at n.*; *see also id.* at 1273 (Anderson, J., concurring specially) (approving exception to *Heck* rule in Justice Souter's concurrence in *Spencer v. Kemna*, 523 U.S. 1, 18 (1998) (Souter, J., concurring), for "plaintiffs that are no longer in custody and who, despite due diligence, could not have obtained habeas corpus relief"). Unlike the plaintiff in *Morrow*, however, who did not learn of the error until two days before being released, Plaintiff complained about the calculation many months before the allegedly correct release date, and he had time to pursue federal habeas relief after exhausting his state remedies.

Even assuming that *Heck* does not foreclose Plaintiff's § 1983 suit, Plaintiff cannot prevail on the merits. First, Plaintiff complains primarily about errors of state law – that is, errors in applying the Alabama statutes to calculate his release date.[5] Relief under § 1983 is limited to violations of federal law by state actors, not violations of state law. *See* 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State … subjects … any citizen … to the deprivation of any rights,

---

[5] Plaintiff's reference to the United States Sentencing Guidelines, Doc. No. 38, at 5-6, 9, which govern federal sentences, is irrelevant to calculate Plaintiff's release date from state custody, which is governed by Alabama state law.

privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law … ."); *cf. Dupont v. Jones*, 2012 WL 5463834, at *2 (M.D. Ala. Oct. 15, 2012) ("The trial court's alleged failure to award him the proper amount of jail credit on his twenty year split sentence, even if true, involves the Alabama courts' interpretation of Alabama law, and, thus, does not amount to a violation of any federal constitutional right to which Petitioner is entitled inasmuch as the claim involves the state's interpretation of its own laws."), *report and recommendation adopted*, 2012 WL 5897124 (M.D. Ala. Nov. 8, 2012).

Second, Plaintiff has not come forward with sufficient admissible evidence, as he must, to create a genuine question whether each Defendant personally violated Plaintiff's federal rights. It is undisputed that Defendant McMillian had no personal involvement in the events giving rise to Plaintiff's complaint. Plaintiff points to notes suggesting that Defendant Perdue wrote there was "nothing to correct" regarding Plaintiff's release date, but nothing in the record contradicts Perdue's statement that she had no control over Plaintiff's release date calculation. Plaintiff also does not identify what role Defendant Burton played in the alleged violation of Plaintiff's federal rights. Defendants cannot be held individually liable under § 1983 based simply on their supervisory capacity. *See Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (citations omitted). Liability against a supervisor may be imposed only if a plaintiff shows the supervisor either personally participated in the alleged constitutional violation or instigated or adopted a policy that violated the plaintiff's constitutional rights. *Id.* at 1360 ("supervisory liability

under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation"); *see also Salas v. Tillman*, 162 F. App'x 918, 922 (11th Cir. 2006) ("an official also may be liable where a policy or custom that he established or utilized resulted in deliberate indifference to an inmate's constitutional rights"). Plaintiff makes no such allegations against the Defendants. Plaintiff has failed to create a genuine dispute of material fact that would allow a reasonable fact-finder to return a verdict in his favor. *Greenberg*, 498 F.3d at 1263. Because Plaintiff does not create a triable issue on the merits of his claims, Defendants are also entitled to qualified immunity because their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Defendants are entitled to judgment as a matter of law. *Matsushita*, 475 U.S. at 587.

## V. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motions for summary judgment on behalf of the defendants be GRANTED;

2. This case be dismissed without prejudice under *Heck v. Humphrey*.

It is further

ORDERED that on or before February 5, 2018, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive

or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a de novo determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 22nd day of January, 2018.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge